**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Marcial AVILA–ANGUIANO,**
**Defendant—Appellant.**

**No. 06–10321.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2007.

Filed Sept. 25, 2007.

Joseph E. Koehler, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Marcial Avila–Anguiano, Florence, AZ, Saul M. Huerta, Jr., Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: SILER *, McKEOWN, and BEA, Circuit Judges.

MEMORANDUM **

Marcial Avila–Anguiano was convicted by a jury of conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203 (Count 1); hostage taking in violation of 18 U.S.C. § 1203 (Count 2); possessing, using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3); and bringing illegal aliens to the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) (Counts 4–6). He raises a number of issues on appeal.

■ Avila–Anguiano contends that his convictions on Counts 2 through 6 should be reversed because the government failed to establish alienage beyond a reasonable doubt. The three victims testified that they were born in Mexico, they were citizens of Mexico, and they did not have legal authorization to enter the United States. The victims also testified that their parents were citizens of Mexico. Reviewing the evidence in the light most favorable to the government, a reasonable juror could conclude that the victims were aliens. *See United States v. Barajas–Montiel*, 185 F.3d 947, 954 (9th Cir.1999) (holding that there was sufficient evidence of alienage where the material witnesses testified as to the location of their hometowns in Mexico and there was circumstantial evidence of their illegal entry into the United States).

■ Avila–Anguiano also contends that his convictions on Counts 2 through 6 should be reversed because the district court failed properly to instruct the jury on the issue of alienage. As Avila–Anguiano did not object to the challenged jury instruction at trial, we review for plain error. *See Johnson v. United States*, 520 U.S. 461, 465–66, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. McIver*, 186 F.3d 1119, 1130–31 (9th Cir. 1999). The challenged instruction defined "alien" as "a person who is not natural born or a naturalized citizen of the United States." Avila–Anguiano argues that this definition misstates the law because it does not take into account the fact that "a person can be born in another nation-state, not go through the naturalization process, and still be a citizen of the United States, i.e., not an alien." While these variations may be true, *see* 8 U.S.C. § 1401, "it is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice" under plain error review. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Avila–Anguiano has not met this burden, as he has not alleged, and nothing in the record suggests, that the smuggled victims were non-aliens.

Avila–Anguiano further contends that his convictions on Counts 4 through 6 should be reversed, because the district court erred in instructing the jury on the "bring to" offense under 8 U.S.C. § 1324(a)(2)(B)(ii). Because Avila–Anguiano did not object to this instruction at trial, we review for plain error.

■ The district court instructed the jury, "[t]he crime of bringing illegal aliens to the United States is completed when the

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

illegal aliens reach their immediate destination in the United States." After Avila–Anguiano was convicted and sentenced, an en banc panel of our court in *United States v. Lopez* expressly rejected the "immediate destination" test, holding that "although all of the elements of the 'bring to' offense are satisfied once the aliens cross the border, the crime does not terminate until the initial transporter who brings the aliens to the United States ceases to transport them—in other words, *the offense continues until the initial transporter drops off the aliens on the U.S. side of the border. At that point the offense ends....*" 484 F.3d 1186, 1187–88 (9th Cir.2007) (en banc) (emphasis added). In light of *Lopez,* the jury instruction on the "bring to" offense was plain error. *See Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) ("[I]t is enough that an error be 'plain' at the time of appellate consideration.").

■ The error also "affected substantial rights" of Avila–Anguiano. *See Olano,* 507 U.S. at 735, 113 S.Ct. 1770 (stating that before an appellate court can correct an error under the plain error review, the defendant must establish that the error affected his substantial rights). The government's theory of the case was that although Avila–Anguiano did not walk the aliens across the border, he nonetheless aided and abetted the "bring to" offense through his hostage-taking actions. However, an individual may not be convicted of aiding and abetting a *completed* offense. *See Lopez,* 484 F.3d at 1191. Where, as here, the instructional error led the jury to believe that they could consider conduct that is not relevant to the "bring to" offense, there is a genuine possibility that the jury convicted the defendant on a legally inadequate ground. *See United States v. Fuchs,* 218 F.3d 957, 963 (9th Cir.2000) (holding that an instructional er-

ror affected substantial rights where the jury could have found defendants guilty based on acts improperly included as part of the conspiracy).

■ We will exercise our discretion to correct the plain error only where the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Johnson,* 520 U.S. at 467, 117 S.Ct. 1544. Here, that standard has been satisfied. The vast majority of the evidence presented at trial related to what Avila–Anguiano did once the aliens arrived at the drop house. None of this evidence bears on whether or not Avila–Anguiano aided and abetted the offense of bringing these particular aliens to the United States. *See Lopez,* 484 F.3d. at 1201. "[A]llowing [Avila–Anguiano's] conviction to stand, given the likelihood that the jury may not have convicted had they been properly instructed would seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Bear,* 439 F.3d 565, 570–71 (9th Cir.2006).

We therefore reverse Avila–Anguiano's conviction as to Counts 4 through 6 and remand for a retrial.

**AFFIRMED as to Counts 2 and 3, REVERSED and REMANDED as to Counts 4 through 6.**